IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RACHEL E. PRUGH,**

    Plaintiff,

    v.                                                                                  CIV. No. 11-809 MV/ACT

**AUI, INC. and ADAM Q. TRIOLO,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' AUI, Inc. and Adam Q. Triolo's ("Defendants") Motion to Compel Answers to Defendants First Set of Interrogatories, filed March 12, 2012 [Doc. 22 and 22-1]; Plaintiff's Response to Defendants' Motion to Compel Answers to Defendants' First Set of Interrogatories filed April 23, 2011 [Doc. 29]; Defendants' Motion to Compel Responses to Defendants' First Set of Requests for Production filed March 26, 2012 [Doc. 24]; and Plaintiff's Response to Defendants' Motion to Compel Responses to Defendants' First Set of Requests for Production filed April 24, 2012.[1] [Doc. 30.]

In their Motion to Compel Answers to Defendants' First Set of Interrogatories [Doc. 22], Defendants stated simply that they made a good faith effort to resolve the discovery dispute by sending a letter to Plaintiff's counsel but "have not received a response to the letter or the supplemental answers to the propounded interrogatories." [Doc. 22 at p.1.]  In their Motion to

---

[1] Plaintiff's Response was filed one day after the time for a response pursuant to this Court's Case Management Order [Doc. 28].  The Court is at a loss to understand the continued failure of counsel for Plaintiff to comply with the Court's orders and the Local Rules in spite of the Court's Order requiring Plaintiff to comply with the local rules. [Doc. 25.]  <u>Any</u> future failure to comply with the Local Rules or this Court's orders will be met with sanctions which could include a recommendation that Plaintiff's claims be dismissed with prejudiced.

1

Compel Responses to Defendants' First Set of Requests for Production [Doc. 24], Defendants again make reference to a single letter to which they received no response as their good faith effort to resolve the dispute prior to filing the motion. [Doc. 24 at p.1.] [2] On March 30, 2012, this Court ordered that the parties confer as required by the Local Rules for the District of New Mexico, D.N.M. LR 7.1. [Doc. 25.] On April 9, 2012, the Court held a status conference with the parties and subsequently ordered that Plaintiff file a response to the two Motions to Compel by April 23, 2012 and that no replies were required. [Doc. 28.]

I. Background

This lawsuit is an employment discrimination case based on alleged sexual harassment by an employee of AUI, Inc. and AUI's termination of the Plaintiff. Plaintiff asserts ten claims against Defendants in this case: Count I, Violation of the New Mexico Human Rights Act (Sexual Harassment); Count II, Violation of the New Mexico Human Rights Act (Hostile Work Environment); Count III, Violation of the New Mexico Human Rights Act (Wrongful Termination); Count IV, Common Law wrongful termination; Count V, Assault and Battery; Count VI, Negligent Supervision; Count VII, Failure to Train; Count VIII, Breach of Implied Contract; Count IX, Breach of Implied covenant of Good Faith and Fair Dealing; and Count X, Promissory Estoppel. She claims that her termination of employment caused substantial and permanent damage to her future career opportunities, that she suffered humiliation and emotional distress, that she suffered serious stress and consequential damage to her health, that she was damaged in her ability to engage in gainful employment, and that her professional reputation and

---

[2] It is equally frustrating to the Court that counsel for Defendants did not comply with D.N.M. LR-Civ 7.1 prior to filing motions. Any future failure by counsel for Defendants to comply with the Local Rules for the District of New Mexico will also be met with sanctions which could include denial of the motion without consideration of the merits.

opportunities for continued professional advancement were damaged.  She seeks compensatory and punitive damages. [Doc. 1.]

The Court will now address the disputed discovery responses at issues in Defendants' two motions to compel.

II.   Defendants' First Set of Interrogatories.   [Doc. 22, 22-1, and 29.]

Plaintiff seeks to compel responses to Interrogatories Nos. 1-6, 8, 10-11, and 14-15.

> **Interrogatory No. 1**.  Please provide your full name, all names by which you have been known, the names of any spouses and children, their current addresses, telephone numbers and the dates and places of your marriage(s) and/or divorce(s).

Plaintiff objected to Interrogatory No. 1 on the grounds that it seeks confidential information and information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff did provide some information responsive to this Interrogatory. [Doc. 22-1 at p.2 of 15.]   In her Response, Plaintiff also objected on the grounds that disclosure would violate FRE 412 and the constitutionally protected privacy right of the third parties. [Doc. 29 at p.5.]

Ruling: Plaintiff is to supplement her response to Interrogatory No. 1 by providing the last known address and telephone number for her former husband.

> **Interrogatory No.  2**.  List all places you have resided in the last five years through the date or [sic] response to these interrogatories and for each, provide the complete address of the residence, time of occupancy, the names, relationship to you, current address and phone numbers of all people who resided there at any time during your residence and the name and contact information of your landlord.

Plaintiff objected to Interrogatory No. 2 because it seeks confidential information and information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff did provide some information responsive to this Interrogatory. [Doc. 22-1 at p.2 of 15.]

In her Response, Plaintiff also objected on the grounds that disclosure would violate FRE 412. [Doc. 29 at p. 5-6.]

Ruling: Plaintiff need not supplement her response to Interrogatory No. 2.

**Interrogatory No. 3.** State the date and place of each marriage and divorce and for each marriage, identify your husband, state his current or most recent address, telephone number, his social security number, most recent employer, the cause number of any divorce proceeding (including the court in which such proceedings were filed) and identify by name, date of birth and present address any of your children.

Plaintiff objected to Interrogatory No. 3 because it seeks the same information as Interrogatory No. 1; i.e., confidential information and information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff refers Defendants to her answer to Interrogatory No. 1. [Doc. 22-1 at p. 3 of 15.]

Ruling: If Plaintiff has not been previously married to anyone other than Troy Prugh she need not supplement her answer to Interrogatory No. 3. If she has been married to anyone else she must provide the name, last known address and telephone number for each former husband, the years of the marriage and the location of the divorce proceedings.

**Interrogatory No. 4.** State the name, last known address, phone number and employer (including job position) of all individuals you have dated at any time during your employment by AUI and/or following your divorce from Mr. Prugh, and for each such individual describe the nature of your relationship, activities engaged in, and the duration of the relationship.

Plaintiff objected to Interrogatory No. 4 because it is misogynistic, insulting, prurient and harassing and otherwise seeks irrelevant, personal, and confidential information. [Doc. 22-1 at p. 3.]

Ruling: Plaintiff's objection to Interrogatory # 4 is sustained.

**Interrogatory No. 5.**  Identify your complete educational background, including the name of the facility you attended, dates of attendance, dates of graduation (if applicable) and degree obtained, if any.  Note: Please sign and date the attached Educational Records release and attach a copy of the executed Education Records Release to your answer to these interrogatories.

Plaintiff objected to Interrogatory No. 5 on the grounds that it seeks confidential information and information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff did provide some responsive information.  [Doc. 22-1 at p.4 of 15.]

Ruling:   Plaintiff need not supplement her response to Interrogatory # 5.

**Interrogatory No. 6**.  Identify any employers from whom you have sought employment since applying to AUI, whether you were successful in obtaining such employment or not, and for each such employer state the employer's name, business address, telephone number, name of person to whom you made inquiry if known, position applied for, date of application and rate of compensation.

Plaintiff objected to Interrogatory No. 6 on the grounds that it is unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff states that Defendants have no legitimate interest in any employment Plaintiff may have sought before it terminated her.  [Doc. 22-1 at p. 4 of 15.] In her Response, Plaintiff also objected on the grounds that disclosure would violate FRE 401. [Doc. 29 at p.8.]

Ruling:   The information requested is relevant since Plaintiff has a duty to mitigate her damages. Plaintiff must respond to  Interrogatory No. 6 by providing information regarding her attempts to find employment following her termination by AUI.

**Interrogatory No. 8.**  State for every legal proceeding, lawsuit, arbitration, mediation or administrative proceeding, other than the present lawsuit, in which you have been involved in any capacity, including as a plaintiff, defendant or witness: (a) the name of all parties to the proceeding; (b) the date the proceeding was commenced; (c) the name of the court or agency in which it was filed; (d) the case number; (e) the circumstances giving rise to the proceeding; and (f) it resolution or disposition, including the date of resolution and the present status of

the proceeding, if it is still pending.

Plaintiff answered that Interrogatory No. 8 was not applicable except as to her divorce proceedings. [Doc. 22-1 at p. 6 of 15.]

Ruling:   Plaintiff must supplement her answer to Interrogatory No. 8 by listing all lawsuits to which she has been a party.  If Plaintiff has the information in her possession, custody or control Plaintiff must also provide the name and location of the Court, the caption and number of each case, the date filed and a description of the nature of the dispute and how it was resolved.  In the alternative, Plaintiff may produce documents providing this information if she has any such documents in her possession, custody or control.

> **Interrogatory No. 10.**   Identify by name, and current contact information, all current or former AUI, Inc. employees or other potential witnesses with whom you have communicated, or with whom others have communicated on your behalf, concerning the events surrounding your employment, facts of any alleged harassment, termination of employment and/or the policies and procedure of AUI, Inc.  With respect to each individual, please provide a detailed statement of the information obtained from such current or former employee and the date such information was provided.

Plaintiff objected to Interrogatory No. 10 on the ground that it seeks confidential information, attorney work product and information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, she provides the names of Dennis Jackson and Terry Jackson. [Doc. 22-1 at pp. 6-7 of 15.]   In her Response, Plaintiff stated that both Dennis Jackson and Terry Jackson provided unsigned statements to Plaintiff's counsel.  Plaintiff's counsel interviewed both men and took notes.  The statements describe sexual harassment of Terry Jackson and Plaintiff by James Brassell. [Doc. 29 at p.19.]

Ruling:   Plaintiff must supplement her response to Interrogatory No. 10 by providing the

addresses and telephone numbers for Dennis Jackson and Terry Jackson.

> **Interrogatory No. 11.**   Identify each and every witness statement you have obtained, or which has been obtained on your behalf of any former or current AUI, Inc. employees or other potential witness relating in any way to the events in issue in these proceedings.

Plaintiff objected to Interrogatory No. 11 on the ground that it seeks confidential information, attorney work product and information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, she states that Dennis Jackson and Terry Jackson have provided witness statements. [Doc. 22-1 at pp. 7 of 15.]

Ruling:   Plaintiff need did not supplement her response to Interrogatory No. 11.

> **Interrogatory No. 14.**   State the name and address of all health care providers of any nature whatsoever who have [sic] who have examined or treated you in the five years prior to the date of your employment with defendant to the present date and for each please state: (a) the purpose and nature of each such examination or treatment; (b) the medical and/or mental condition for which you sought treatment; (c) the date of each such examination or treatment; and (d) if you claim that the services are related to the allegations contained in this lawsuit, state the charges for each such examination or treatment.  This interrogatory should be read to include all health care providers, including but not limited to physicians, psychiatrists, therapists and or social workers. Note: Please sign and date the attached Medical Health Record Release and Mental Health Records Release and attach one copy of each executed release to your answers to these interrogatories.

Plaintiff objected to Interrogatory No. 14 on the grounds that she already provided a release and provided the names of health care providers.  [Doc. 22-1 at pp. 12-14 of 15.] In her Response, Plaintiff also stated that counsel had reached an agreement "on or about January 1, 2012 regarding the subject matter" and that pursuant to the agreement "Plaintiff executed and returned all releases drafted by Defendants themselves." [Doc. 29 at p. 11] She argues that Defendants waived any right to separately request addresses and phone numbers of these same providers. [*Id.*]

Ruling:   Plaintiff must supplement her answer to Interrogatory No. 14 by providing addresses for each of the health care providers listed if she has not already done so along with a designation of

the type of practice or specialty for each health care provider.

> **Interrogatory No. 15.**  For each and every drug or medication you have taken at any time from the date of your employment with the defendant to the present, please state the name, the reasons for taking, the dates of use, the frequency of use of each such drug or medication and the name of the provider who prescribed or prescribes each such drug or medication.

Plaintiff objected to Interrogatory No. 15 on the grounds that it is harassing and unduly burdensome and seeks information Defendants can obtain from Plaintiff's healthcare providers pursuant to the medical releases provided by Plaintiff.  [Doc. 22-1 at p. 14.] In her Response, Plaintiff also objected on the grounds that the request violates FRE 401. [Doc. 29 at p. 12.]

Ruling:   Plaintiff must supplement her answer to Interrogatory No. 15 by identifying all over the counter drugs or medications she took while working at AUI or which she is currently taking. Plaintiff must also identify all prescription drugs or medication she is taking and identify the medical provider providing the prescription by name, address and speciality.

III.  Defendants' First Set of Requests for Production   [Doc. 24. ]

Defendant seeks to compel responses to Request for Production ("RFP") Nos. 1-8, 10-11, and 15-20.

> **RFP No. 1.**    Produce all federal and state income tax returns signed by you, including all forms, W-2's and attachments to such returns, for the years 2003 to present. Note: Please sign and date the attached IRS Form 4506 and attach the executed form to your response to these requests for production.

Plaintiff objected to this request on the grounds that the request sought documents not reasonably calculated to lead to discovery of admissible evidence and specifically that tax documentation for years prior to her employment are not relevant since she just graduated from college in 2007, two months before her employment by AUI . In her Response, Plaintiff stated that the tax information for any year prior to 2007 would be "misleading and otherwise irrelevant to a

determination of Plaintiff's earning capacity as a civil engineer." [Doc. 30 at p. 5.]

Ruling: Plaintiff has only provided tax returns for the years she was employed by Defendant and two years thereafter. Plaintiff's earning history prior to her employment by Defendant whether pre-college degree or not is relevant to her claim for damages. [ Doc. 1-1 ¶ 53.] Plaintiff will supplement her Response to RFP No. 1 providing IRS Form 4506 for the years 2003-2006.

> **RFP No. 2.** Produce all documents and records, including electronically stored records, which concern, refer or relate to any inquiries, efforts of activities made by you or on your behalf to obtain employment at any time from the time you applied at AUI, Inc. though the date of your response to this request for production.

Plaintiff objected to this request on the grounds that the request sought documents not reasonably calculated to lead to discovery of admissible evidence and that any efforts to seek other employment while still employed by AUI would not be relevant to her claims. [Doc. 24 at p. 3.] Plaintiff asserted the same objections in her Response. [Doc. 30 at p. 6.]

Ruling: Plaintiff has identified her employers since she was terminated from AUI in response to Interrogatory No. 7. [Doc. 22-1 at p. 5.] She also provided a detailed description of her claims for damages in response to Interrogatory No. 12. [Doc. 22-1 at p. 7-10.] However, the exact dates of employment at each subsequent place of employment were not provided and there appears to be some time when Plaintiff was not employed. In addition, in her response the Interrogatory No. 12, Plaintiff claims "AUI managers/employees have disparaged her reputation and prevented her from getting employment with a number of prospective employers." [Doc. 22-1 at p. 9.] Plaintiff has a duty to mitigate her damages and the documents requested are relevant to the issue of damages. Plaintiff will respond to RFP No. 2 by providing the documents requested for the period following her termination from AUI to the present.

> **RFP No. 3.** Produce all documents and records, including electronically stored records which reflect your employment, and cessation of employment, by any

>employer since your separation from AUI, including but not limited to all personnel records, policy documents, compensation and benefits paid, and records concerning your termination from employment.

Plaintiff objected to this request on the grounds that the request was overly burdensome, harassing, sought documents that had already been produced and was not reasonably calculated to lead to discovery of admissible evidence. [Doc. 24 at p. 3.] In her Response, Plaintiff also objected on the grounds that the request is unnecessarily prejudicial, vague, burdensome and harassing. She also claims production of the requested information would alert Plaintiff's recent employers to the circumstances of this litigation and damage her reputation and job stability. [Doc. 30 at p.6.] Plaintiff states that she would be willing to produce the specific documents from her prior employers without executing a release. [*Id.* at p.7.]

<u>Ruling</u>: Plaintiff will respond to RFP No. 3 by providing the documents requested in her possession, custody or control for all employers subsequent to her termination by AUI up to but not including her current employer.

>**RFP No. 4.**   Produce all records and documents, including electronically stored records, which reflect all compensation and benefits received by you in any employment you have obtained at any time following your termination of employment from AUI, Inc.

Plaintiff objected to this request on the grounds that the request is unduly burdensome and seeks documents already in her tax records. [Doc. 24 at p. 4.] In her Response, Plaintiff states she has prodcued her tax records for 2007, 2008, 2009 and 2010 and that she does not have other responsive information but "will produce responsive documentation when see [sic] obtains them as she expects to within the next few weeks in preparation for settlement and/or trial." [Doc. 30 at p.7.]

<u>Ruling</u>: Plaintiff will supplement her response to RFP No. 4 as she has agreed to do in her Response. [Doc. 30 at p.7.]

>   **RFP No. 5.**    Produce all documents reviewed, consulted, referred to or relied upon to answer any interrogatories served concurrently with this request for production.

Plaintiff objected to this request on the grounds that the request was vague, unduly burdensome and repetitive. [Doc. 24 at pp. 4-5.] In her Response, Plaintiff states that she withdraws her objection and will produce specific, relevant documentation. [Doc. 30 at p. 7.]

Ruling: Plaintiff will supplement her response to RFP No. 5 as she has agreed to do in her Response. [Doc. 30 at p.7.]

>   **RFP No. 6.**    Produce any and all documents served, prepared or received by you or anyone acting on your behalf in conjunction with the proceedings before the New Mexico Human Rights Division, the Equal Employment Opportunity Commission or any other agency which has responsibility to investigate the charge of harassment.

Plaintiff objected to this request on the grounds that the request seeks attorney work product, is vague, unclear, unduly burdensome and seeks documents already in the possession of Defendants or that could be obtained from governmental agencies. [Doc. 24 at p. 5.] She reiterated her objection in her Response and also stated that the Defendants are "attempting to obtain inadmissable and privileged documents provided to the EEOC during settlement negotiations." [Doc. 30 at p. 8.] She provides no description of any privileged documents or a privilege log.

Ruling: Plaintiff will respond to RFP No. 6 by producing any documents <u>received by</u> her from the New Mexico Human Rights Division or the EEOC in connection with the claims she filed with those agencies regarding the alleged harassment charges which form the basis of this lawsuit.

>   **RFP No. 7.**    Produce any and all documents which concern any claim for unemployment compensation or social security benefits filed by you.

Plaintiff objected to this request on the grounds that the request seeks attorney work produce, is vague, unclear, unduly burdensome and seeks documents already in the possession of Defendants

or that could be obtained from governmental agencies. [Doc. 24 at p.5.] In her Response, Plaintiff states that she "has already provided all relevant tax records for the years 2007, 2008, 2008 [sic] and 2009" and that she has not kept any other responsive documentation. [Doc. 30 at p.8.]

Ruling: Plaintiff will supplement her response to RFP No. 7 by producing the documents requested or confirming that she has no documents responsive to this request in her possession, custody, or control.

> **RFP No. 8.**  Produce any and all documents which concern, refer or relate to any legal proceedings other than the present case in which you have been a party at any time, including divorce proceedings, child custody issues, and/or payment of alimony/child support.

Plaintiff objected to this request on the grounds that the request seeks attorney work produce, is vague, unclear, unduly burdensome and seeks documents already in the possession of Defendants or that could be obtained from governmental agencies and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. [Doc. 24 at p. 6.] In her Response, Plaintiff states that Defendants are on a "fishing expedition to seek evidence that Plaintiff lied about anything related to her damages" and she has "no duty to produce it." [Doc. 30 at p.9.]

Ruling: The Court has already required that Plaintiff answer Interrogatory No. 8 regarding all litigation to which she has been a party.  If Plaintiff has documents regarding any such litigation in her possession, custody or control they must be produced in response to RFP No.8.

> **RFP No. 10.**  Produce all personal diaries, journals, calendars or other records which record or reflect your activities or events transpiring in your life kept for any purpose since you applied for employment with AUI through the date of your response to this request for production.

Plaintiff  objected to this request on the grounds that the request seeks irrelevant personal information/documentation and is vague, unclear, unduly burdensome and seeks irrelevant documents calculated to invade her privacy. [Doc. 24 at p.7.] In her Response, Plaintiff states that she

"has no responsive documentation." [Doc. 30 at p.9.]

  Ruling: Plaintiff has stated in her Response [Doc. 30 at p.9] that she has no documents responsive to this request. The Court cannot order her to produce documents she does not have therefore no further response is required.

  **RFP No. 11.** Produce all documents and records, including electronically stored records, which concern, refer or relate to your employment by AUI, Inc. Including but not limited to all personnel records, payroll records, e-mails, policy statements and all communications by, between or among you and any employee or representative of AUI, Inc. or third parties regarding AUI.

  Plaintiff objected to this request on the grounds that it is vague, unduly burdensome and asks for documents that should be in the possession of AUI. [Doc. 24 at p. 11.] In her Response, Plaintiff states that she "has no document responsive to this request." [Doc. 30 at p. 9.]

  Ruling: Plaintiff has stated in her Response that she has no documents responsive to this request. [Doc. 30 at p. 9.] The Court cannot order her to produce documents she does not have and therefore no further response is required.

  **RFP No. 15.** Any and all documents which concern, refer or relate to any communications between Rachel Prugh and her former husband from the time she became employed by AUI through the present.

  Plaintiff objected to this request on the grounds that this RFP is unclear, vague, unduly burdensome and seeks personal information that may be irrelevant to this proceeding. Defendants agreed that the RFP was unclear and overly broad. Defendants have re-written this RFP as only requesting those communications between Plaintiff and her former husband from the time she became employed by AUI through the present that concern, refer to or relate to the claims of sexual harassment that Plaintiff is asserting in this action and that concern or relate to Plaintiff's claims of damages. [Doc. 24 at p. 8.] In her Response, Plaintiff states that she still objects on the grounds that she has not named her former spouse as a witness and the production of the requested information

would violate her rights to privacy. [Doc.30 at p. 9.]

Ruling: Plaintiff's objection to RFP No. 15 in its original form is sustained. However, Plaintiff must respond to RFP No. 15 as amended by providing documents or email communications between Plaintiff and her former husband from the time she became employed by AUI through the present that concern, refer to or relate to the claims of sexual harassment that Plaintiff is asserting in this action and that concern or relate to Plaintiff's claims for damages.

> **RFP No. 16.** Produce any and all document and/or tangible things which concern, refer or relate to any alleged activities of Brassel, the alleged abuse by him, and/or alleged advance made by him toward you at any time.

Plaintiff objected to this request on the grounds that this RFP is unclear, vague, unduly burdensome and seeks irrelevant personal information. [Doc. 24 at pp. 8-9.] In her Response, Plaintiff states that she has no documents responsive to this request. [Doc. 30 at p. 10.]

Ruling:  Plaintiff has stated in her Response [Doc. 30 at p. 10] that she has no documents responsive to this request.  The Court cannot order her to produce documents she does not have therefore no further no further response is required.

> **RFP No. 17.** Your cell phone and other telephone records for the period July 2,2007 through the present.

Plaintiff objected on the grounds that this RFP seeks inadmissible and irrelevant personal information, is unclear, vague, unduly burdensome and that the documents sought would invade her privacy and expose her to public ridicule. [Doc. 24 at p.9.] In Response, Plaintiff reiterated this objection. [Doc. 30 at p.10.]

Ruling: The Plaintiff's objection to RFP No. 17 is sustained.

> **RFP No. 18.** Complete copies of all records and reports which reflect medical care or treatment that you have received with any health care provider for any purpose whatsoever over the past five (5) years for any reason.

14

Plaintiff objected on the grounds that this RFP is duplicative of the HIPPA medical releases Plaintiff has already sent to Defendants. [Doc. 24 at p. 9.]  In her Response, Plaintiff states that she has no documentation responsive to this request. [Doc. 30 at p. 10.]

Ruling:  Plaintiff has already provided medical releases and has previously provided a list of all health care providers.  In addition, the Court has ordered that she supplement her answer to Interrogatory No. 14.  Plaintiff has stated in her Response that she does not have documents responsive to RFP No. 18.  [Doc. 30 at p. 10.] The Court cannot order Plaintiff to produce documents she states she does not have and therefore no further response is required.

> **RFP No. 19.** With respect to your financial circumstances from July 2, 2007, please produce the following:
> A.  All bank account records;
> B.  All credit care statements;
> C.  All loan account statements;
> D.  Documents reflecting monthly expenses, including hocusing and living expenses;
> E.  Documents reflecting default on any payments, demands for payment, repossession, or collection efforts;
> F.  All records of compensation from any employer(s);
> G.  All records which reflect payment of social security benefits of any kind, unemployment benefits, Medicaid or Medicare, or other public assistance;
> H.  All records of withdrawal from investment, retirement, pension or other accounts;
> I.  All records of payments from disability insurance; and
> J.  Any other monies or benefits received by you.

Plaintiff objected to the RFP on the grounds that it seeks irrelevant personal financial information and is vague, unclear, unduly burdensome and is calculated to invade her privacy and expose her to credit card fraud, identify theft and public ridicule.  [Doc. 24 at p. 10.] In her Response, Plaintiff reiterates her objection and asserts that Defendants are on "a fishing expedition to catch sight of evidence that my [sic] publically embarrass Plaintiff and shame her into dropping her case." [Doc. 30 at p. 11.]

<u>Ruling</u>: Plaintiff's objections to RFP 19 are sustained.

**<u>RFP No. 20</u>.**   With respect to your claim of discrimination in these proceedings, produce all documents and records, including electronically stored records, which concern, refer or relate to your allegations including which you claim demonstrate that you were treated unlawfully at any time while employed by AUI, or subsequently.

Plaintiff objected on the grounds that this RFP seeks documents protected by the attorney work product doctrine, privileged documents and is otherwise vague, unclear and unduly burdensome. [Doc. 24 at p. 11.]   In Response, Plaintiff reiterated her objections. [Doc. 30 at p. 11.] Plaintiff did not provide a privilege log.

<u>Ruling</u>: Plaintiff's objections to RFP 20 are sustained with the except of documents and records the court has ordered Plaintiff to produce. However, if Plaintiff has additional documents which she claims are subject to the attorney work product doctrine or are privileged she must provide a privilege log identifying these documents by author, recipient, date and general description.

IV.   <u>Defendants' Request Reasonable Expenses and for Attorney Fees</u>.

Defendants request reasonable expenses and attorney fees associated with filing their two motions to compel. [Doc. 22 at p. 8, Doc. 24 at p. 13.] The request will be denied.

V.   <u>Future Motion Practice.</u>

In the future, every opposed motion in this case must set out the steps taken by the movant to reach concurrence before filing the motion.  This entails more than an e-mail, letter or a phone call to inquire whether a motion will be opposed; the parties are expected to meet face to face or, if that is not possible, spend some time discussing the areas of dispute in a telephonic conference.  The moving party must state the date, time, and person(s) contacted and the efforts made to narrow the issues for the Court.  If the opposed motion does not contain this recitation, the motion may be summarily denied.  No further warnings will be given to Plaintiff or Defendants regarding the

consequences of the conduct of their counsel if they fail to comply with Orders of this Court and the letter and spirit of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of New Mexico.

VI.     Conclusion

Defendants' Motion to Compel Answers to Defendants' First Set of Interrogatories [Doc. 22] and Motion to Compel Responses to Defendants' First Set of Requests for Production [Doc. 24] are granted in part and denied in part as set forth herein.  Plaintiff must supplement her answers to the Interrogatories and responses to the Requests for Production within fourteen (14) calender days following the entry of this Memorandum Opinion and Order.  Defendants' request for expenses and attorney fees is denied.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge